UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
**CALVIN GREEN, JR.**,                                            :
                                                                  :
                      Plaintiff,    :
                                                                  :   **MEMORANDUM AND ORDER**
           – against –                                         :   2:21-CV-1619 (LDH) (AYS)
                                                                  :
**MARK D. DAVIS,** *Suffolk County Assistant District*            :
*Attorney***, SEAN M. DIXON,** *Suffolk County Defense*           :
*Attorney***, MICHAEL PETRUCCI,** *Shield # 1579*                 :
*Suffolk County Police Detective***,** *in their individual*      :
*and official capacities*,                                        :
                                                                  :
                      Defendants.   :
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On March 25, 2021, the *pro se* plaintiff, who is currently incarcerated at the Suffolk County Correctional Facility, brought this *pro se* action alleging violations of his constitutional rights under 42 U.S.C. § 1983. (ECF No. 1.) The Court grants the plaintiff's application to proceed *in forma pauperis*. (ECF No. 2.) For the reasons that follow, I dismiss the plaintiff's claims against Suffolk County Assistant District Attorney Marc D. Davis[1] and the plaintiff's defense counsel Sean M. Dixon, but allow the plaintiff's claims to proceed against Suffolk County Police Detective Michael Petrucci. Additionally, I dismiss the plaintiff's request for injunctive relief.

## BACKGROUND

      The plaintiff alleges that he was staying at the Smith Point Motel in Suffolk County with his girlfriend on February 6, 2021 when police officers entered the room, yelling "Suffolk

---

[1] The Clerk of Court is respectfully directed to amend the Court's docket to change the spelling of the defendant's name from "Mark D. Davis" to "Marc D. Davis."

County Police," and "Don't fucking move." (ECF No. 1 at 4-5.) According to the complaint, Suffolk County Police Detective Michael Petrucci handcuffed the plaintiff, pressed his knee into the plaintiff's back and "slammed [the plaintiff] against the walls and surrounding furniture." (*Id.* at 5.) The plaintiff alleges that when they arrived at the police station, Petrucci pressured him into giving a false statement about the presence of drugs in his motel room. The plaintiff claims that Petrucci said, "[It's] either your or your girlfriends the choice is yours," and told the plaintiff that if he wrote a statement, his girlfriend would be "free to leave." (*Id.* at 6.) On February 7, 2021, the plaintiff was arraigned in Central Islip, and was appointed counsel. (*Id.* at 7.) The plaintiff was transferred to Riverhead County, arraigned again on February 23, 2021, and charged with criminal possession of a controlled substance. (*Id.*)

The plaintiff claims that the government violated his Fourth Amendment rights because the search warrant leading to his arrest was "defective." (*Id.*) He further claims that the assistant district attorney did not inform him of his right to appear before the state grand jury pursuant to C.P.L. § 190.50, and that his lawyer was ineffective because he did "not oppose the defective indictment" on that basis. (*Id.* at 7-8.) The plaintiff seeks declaratory relief, monetary damages and "an injunction compelling the defendants to stop the illegal acts of indicting a person under a defective indictment." (*Id.* at 8-9.)

## LEGAL STANDARD

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks, alterations and citations omitted).

Because the plaintiff is proceeding *pro se*, I construe his complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The plaintiff's claims must be "read to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted).

Nevertheless, I must dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A (the Court is required to screen a complaint brought by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief").

## DISCUSSION

### I. Section 1983 Claims

The plaintiff brings claims against the defendants pursuant to 42 U.S.C. § 1983, which "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012). "[T]o state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation

3

was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)). As explained below, the plaintiff's § 1983 claims against defendants Davis and Dixon are dismissed for failure to state a claim, but his § 1983 claims against Petrucci may proceed.

    a.    **Assistant District Attorney Marc Davis**

The plaintiff asserts that Davis, in his role as Suffolk County Assistant District Attorney, "intentionally deprived [him] the opportunity to testify" before the grand jury. (ECF No. 1 at 7.) The plaintiff does not allege that Davis acted outside of the scope of his role as a prosecutor. Because "a state prosecuting attorney who act[s] within the scope of his duties . . . is immune from a civil suit for damages under § 1983," *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks and citations omitted), the plaintiff's claims against Davis must be dismissed. *See, e.g., Randolph v. Suffolk Cnty. Dist. Attorney's Off., et al.*, No. 21-CV-841, 2021 WL 1124603, at *3 (E.D.N.Y. Mar. 24, 2021) (finding that the Suffolk County Assistant District Attorney was "entitled to absolute immunity from any claims related to his role in prosecuting Plaintiff," and dismissing claims against him).

Moreover, Davis is immune from any damages award for acting in his official capacity because "a suit for money damages against a district attorney or his or her assistant district attorneys, in their official capacities, is actually a suit against New York State, and is barred by the Eleventh Amendment." *Sharp v. Morgenthau*, No. 08-CV-5919, 2010 WL 339767, at *4 (S.D.N.Y. Jan. 25, 2010). Accordingly, Davis is immune from suit, and the plaintiff's claims against him are dismissed pursuant to 28 U.S.C. § 1915A.

    b.    **Defense Counsel Sean Dixon**

The plaintiff alleges that his defense attorney, Sean Dixon, did not oppose the "defective indictment" and thus provided ineffective assistance of counsel. (ECF No. 1 at 8.) However,

4

because Section 1983 imposes liability for constitutional violations by state actors, Dixon, who is a private person, cannot be held liable in this action. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of [Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."); *Licari v. Voog*, 374 F. A'ppx. 230, 231 (2d Cir. 2010) ("It is well established that private attorneys—even if the attorney was court appointed—are not state actors for the purposes of 1983 claims."); *Harvey v. Queens Cty. Dist. Attorney*, No. 18-CV-5373, 2020 WL 837357, at *3 (E.D.N.Y. Feb. 20, 2020) ("[C]ourt-appointed attorneys . . . do not act under color of state law when they perform traditional functions of counsel."). The plaintiff does not allege any facts that could plausibly support a finding that his defense counsel was a state actor or acted under color of state law. Thus, the plaintiff cannot state a § 1983 claim against his defense attorney.

Furthermore, the plaintiff's only allegation against Dixon is that he rendered ineffective assistance of counsel in connection with the plaintiff's state court proceedings. To the extent that the plaintiff wishes to pursue any such claims, he must raise them during his state court criminal proceedings, or his post-conviction proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("*[H]abeas corpus* is the appropriate [federal court] remedy for state prisoners attacking the validity of . . . their confinement"); *Randolph*, 2021 WL 1124603, at *3-4.

Accordingly, the plaintiff's claims against Dixon are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

    **c.**    **Detective Michael Petrucci**

The plaintiff alleges that Petrucci, a police detective acting under color of state law, pressed his knee into the plaintiff's back and slammed the plaintiff into a wall and other furniture while the plaintiff was handcuffed. (ECF No. 1 at 5.) The plaintiff's claims against Petrucci involving his alleged use of excessive force may proceed.

5

## II. Injunctive Relief

In addition to monetary damages, the plaintiff seeks "an injunction compelling the defendants to stop the illegal acts of indicting a person under a defective indictment." (ECF No. 1 at 8.) As of the date of this order, the Court does not have information about the status of the plaintiff's criminal case in Suffolk County Court.[2] To the extent that the plaintiff's state criminal proceedings are still pending, and to the extent that the plaintiff asks this Court to intervene in them, that is not relief this Court can provide.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court may not interfere with pending state court criminal actions, absent some extraordinary circumstances such as bad faith, harassment or irreparable injury that is both serious and immediate. *See id.* at 49; *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."); *see also Hansel v. Town Court*, 56 F.3d 391, 393 (2d Cir. 1995) (*Younger* abstention applies to claims for injunctive and declaratory relief). The plaintiff has not alleged bad faith prosecution, harassment or irreparable injury with respect his pending state court case. Therefore, the *Younger* abstention doctrine bars the plaintiff's request for an injunction. *See, e.g.*, *Garcia v. Westchester Cty. Dist. Attorney's Off.*, No. 21-CV-00348, 2021 WL 411546, at *2 (S.D.N.Y. Feb. 4, 2021) (denying the plaintiff's request to intervene in his pending state court criminal appeal under *Younger*).

Moreover, to the extent that the plaintiff seeks to challenge the validity of his confinement or release from custody, he cannot raise those claims in a § 1983 action in this

---

[2] As of May 27, 2022, the New York State Unified Court System database does not list Mr. Green as a defendant in a state criminal case. Therefore, the Court does not possess information about Mr. Green's criminal case in Suffolk County Court.

6

Court. *See id.* at *3 ("A plaintiff may not challenge the validity of his confinement or seek release from custody in a civil action under § 1983, but must instead bring a petition for a writ of *habeas corpus* to seek such relief," after "exhausting his available state-court remedies." (citing *Rodriguez*, 411 U.S. at 489; 28 U.S.C. § 2254)). The plaintiff's request for injunctive relief is denied.

## CONCLUSION

For the reasons set forth above, the plaintiff's claims against Marc Davis and Sean Dixon are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Clerk of Court is respectfully directed to amend the caption to reflect the dismissal of these defendants from the case. The plaintiff's request for injunctive relief is denied.

The United States Marshals Service is hereby directed to serve the summons and the complaint upon Suffolk County Police Detective Michael Petrucci, Shield No. 1578, without prepayment of fees.

The Clerk of Court is respectfully directed to send a copy of this order to the Office of the Suffolk County Attorney. The action is referred to Magistrate Judge Anne Y. Shields for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                        s/Ann M. Donnelly
                                                        _____
                                                        ANN M. DONNELLY
                                                        United States District Judge

Dated: Brooklyn, New York
          May 31, 2022